IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A STRONG CITY, *et al.*,

        Plaintiffs,

        vs.

THE CITY OF COLUMBUS, OHIO,
*et al.*,

        Defendants.

Case No. 2:24-cv-3668

Judge James L. Graham

Magistrate Judge Elizabeth P. Deavers

### INITIAL SCREEN REPORT AND RECOMMENDATION AND ORDER

Plaintiffs, A Strong City and Rev. Dr. Andrew D. Wenmoth, proceeding *pro se*, filed an application to proceed *in forma pauperis* on July 8, 2024.  (ECF No. 1.)  "As an initial matter, only natural persons may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915." *Showers of Herbs, LLC v. Dep't of Homeland Sec.,* No. 23-11122, 2023 WL 3669368, at *1 (E.D. Mich. May 25, 2023) (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993)).  Accordingly, A Strong City, represented to be an Ohio nonprofit charitable domestic corporation, cannot proceed *in forma pauperis*.  Further, a corporation may not litigate a case *pro se*; it must have a lawyer represent it.  *See Lea v. Tracy Langston Ford, Inc.*, 2019 WL 9171095 (6th Cir. Dec. 30, 2019) (citing *Rowland,* at 201-03 ("A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder.")). Similarly, the Court of Appeals for the Sixth Circuit has "consistently interpreted [28 U.S.C.] § 1654 as prohibiting *pro se* litigants from trying to assert the rights of others."  *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018).  In short, A Strong City must be represented by

counsel to pursue any relief in this Court and Rev. Dr. Wenmoth, even in his purported role as the organization's President and CEO, cannot appear *pro se* on its behalf.  *See Wise Man Brewing, LLC v. Three Bridges Distillery*, 2022 U.S. App. LEXIS 33496, at *1, 2022 WL 19920638 (6th Cir. Dec. 5, 2022) (dismissing a limited liability company's appeal because it was unrepresented).  For these reasons, it is **RECOMMENDED** that A Strong City's *in forma pauperis* application be **DENIED**.  Further, for these same reasons, it is **RECOMMENDED** that A Strong City's claims be **DISMISSED WITHOUT PREJUDICE**.  As to Rev. Dr. Wenmoth, however, the Court **GRANTS** his application to proceed *in forma pauperis.*

Because Rev. Dr. Wenmoth is proceeding *in forma pauperis*, the Undersigned will undertake the initial screen required by law to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  Having completed the initial screen, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in their entirety for failure to state a claim on which relief may be granted.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

2

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1]Formerly 28 U.S.C. § 1915(d).

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Rev. Dr. Wenmoth utilized the form" Complaint for Violation of Civil Rights," noting alternatively, but without further reference, that his claims may relate to "RICO Act Violations." (ECF No. 1-1.) He names the following defendants in both their individual and official capacities: "City of Columbus, Ohio; Andrew J. Ginther, et al. Mayor, and employees of the City of Columbus, jointly and severally;" "Columbus Division of Police, Elaine Bryant, et al. Chief of Police, sworn officers; and employees, jointly and severally;" "Columbus City Attorney; Zach Klein, et al. Columbus City Attorney; and staff, jointly and severally;" Franklin

4

County Prosecuting; G. Gary Tyack, et al, Prosecuting Attorney of Franklin County, jointly and severally." (*Id*.) Further, he suggests his intention to proceed "on behalf of the citizens of the City of Columbus, Ohio, U.S.A." (*Id*.) Finally, Plaintiff cites loosely to the Fourth, Fifth and Fourteenth Amendments to the Constitution.

Although the Complaint is far from a model of clarity, the gist of Plaintiff's claim appears to be that his rights as both a crime victim and witness have been violated by the dismissal of a felony case arising from a "terroristic crime spree" in which he was brutally attacked. (ECF No. 1-1.) According to the allegations, the dismissal resulted from the "perjured testimony of two (2) Assistant Prosecutors alleging that he was not cooperating." (*Id*.) The Complaint also alleges, in wholly conclusory fashion, that Defendants have violated Plaintiff's rights under the Americans with Disabilities Act. Plaintiff seeks injunctive relief, including a preliminary injunction directing defendants to investigate and prosecute crimes he and others have reported, and punitive and compensatory damages. Finally, citing the Americans with Disabilities Act, Plaintiff requests the appointment of counsel.

As noted, the body of the Complaint contains no further reference to a RICO claim and Plaintiff's mention of alleged ADA violations is wholly conclusory and unaccompanied by any factual development. Accordingly, the Undersigned construes Plaintiff's allegations only as an attempt to bring a claim under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

5

As an initial matter, to the extent Plaintiff purports to bring a claim "on behalf of the citizens of the City of Columbus, Ohio, U.S.A." his claims are subject to dismissal. "[A] nonlawyer can't handle a case on behalf of anyone except himself." *United States for Use of Powell v. Knowles*, No. 2:23-CV-2137, 2024 WL 1155663, at *2 (S.D. Ohio Mar. 18, 2024) (quoting *Zanecki v. Health All. Plan of Detroit,* 576 Fed. Appx. 594, 595 (6th Cir. 2014) (internal quotations omitted)). "The rule barring *pro se* plaintiffs from bringing causes of action on behalf of others is designed to 'protect[ ] the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Id*.

Further, a careful review of the Complaint reveals Plaintiff's failure to allege any specific conduct undertaken by the any of the named Defendants. Where a person is simply named as a defendant without a factual allegation of specific misconduct, the complaint is insufficient to state a plausible claim for relief. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983") (citing *Flagg Bros.*, 436 U.S. at 155-57). To the extent Plaintiff may be claiming that Defendants are somehow liable in their supervisory capacities, a supervisory official is not liable under § 1983 for the alleged unconstitutional conduct of subordinates in the absence of allegations that the supervisor encouraged the unconstitutional conduct or directly participated in it. *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (citations omitted). Plaintiff makes no such allegations against any Defendant. "It is well settled that § 1983 liability will not be imposed solely on the basis of respondeat superior." *Id.*

Additionally and significantly, Plaintiff has no recognized-right to the primary relief he appears to seek here – an order directing defendants to investigate and prosecute crimes he and

6

others have reported. Indeed, "[a] private citizen 'lacks a judicially cognizable interest in the prosecution or non-prosecution of another.'" *Little v. Christiansen*, No. 4:22-CV-12222, 2023 WL 2393644, at *4 (E.D. Mich. Mar. 7, 2023), *reconsideration denied sub nom. Little v. Williams*, No. 22-12222, 2024 WL 950158 (E.D. Mich. Mar. 5, 2024) (quoting *Diamond v. Charles*, 476 U.S. 54, 63 (1986). "Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion." *Id*. (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *Id*. (citing *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.)). Thus, "this Court lacks the authority to compel state (or even federal) officials to bring criminal charges as such authority lies with the executive branch of the state (or federal) government, not the judiciary." *Id.* (citing *Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, *2 (6th Cir. Sept. 23, 2021) (ruling that the district court lacked jurisdiction to initiate a criminal investigation at Tennessee prisoner's request and he lacked authority to compel the criminal investigation or prosecution of private citizens)). And, finally, with respect to conduct in furtherance of genuine prosecutorial interests, which appears to describe at least some of Plaintiff's allegations here, defendant prosecuting attorneys would have absolute immunity for their actions. *Rouse v. Stacy*, 478 F. App'x 945, 954 (6th Cir. 2012).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that A Strong City's *in forma pauperis* application be **DENIED**. Further, it is **RECOMMENDED** that A Strong City's claims be **DISMISSED WITHOUT PREJUDICE**. Rev. Dr. Wenmoth's application to proceed *in forma pauperis* is **GRANTED.**

Further, it is **RECOMMENDED** that the Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Additionally, in light of this recommendation, the request for appointment of counsel is **DENIED.** *Lavado v. Keohane*, 992 F.2d 601, 605, 606 (6th Cir. 1993) (citations omitted) (appointment of counsel is not a constitutional right but "a privilege that is justified only by exceptional circumstances.").

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's

report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  July 12, 2024 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE